IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| YKK CORPORATION and YKK (U.S.A.) INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| VELCRO USA INC., | ) ) ) | |
| Defendant. | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs YKK Corporation and YKK (U.S.A.) Inc. (together "YKK"), for their Complaint against Defendant Velcro USA Inc. ("Velcro"), state as follows:

### NATURE AND BASIS OF ACTION

1. This is an action for injunctive relief and monetary damages to remedy Velcro's past, current and threatened infringement of United States Patent No. 6,720,059 ("the '059 Patent"), which relates to a fastener strip used in, for instance, foam molded products like a cushion body used for an automobile seat.

### PARTIES

2. Plaintiff YKK Corporation is a Japanese corporation, having its principal place of business at 1, Kanda Izumi-cho, Chiyoda-ku, Tokyo 101-8642, Japan.  YKK Corporation is the owner by assignment of the '059 Patent.

3. Plaintiff YKK (U.S.A.) Inc. is a New York corporation, having its principal place of business at 1300 Cobb Industrial Drive, Marietta, Georgia 30066.  YKK (U.S.A.) Inc. is the exclusive licensee of the '059 Patent.

1

4. Upon information and belief, Defendant Velcro USA Inc. is a New Hampshire corporation, having a place of business at 406 Brown Avenue, Manchester, NH 03103.

5. YKK is in the business, *inter alia*, of selling fastener products for use in various applications, and has sold and provided fastener products throughout the United States and in this District. Specifically, YKK sells QUICKFIT® fastener strips for use in foam molded cushion bodies used for automobile seats.

6. Velcro is also in the business, *inter alia*, of selling fastener products for use in various applications and, has sold and provided many of these products throughout the United States and in this District.

7. Upon information and belief, Velcro is making, using, offering for sale, selling and/or importing in the United States fastener strips, including Velcro's 4GI fastener strips, that are covered by the '059 Patent.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

10. This Court has personal jurisdiction over Velcro because, among other things, Velcro, directly or through third parties, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within this forum. Velcro, directly or through its distribution networks, regularly places its products within the stream of commerce with the knowledge, understanding, and desire that such products will be sold in this forum and throughout the United States. Thus, Velcro has established minimum contacts within the forum

and purposefully availed itself of the benefits of this forum, and the exercise of personal jurisdiction over Velcro would not offend traditional notions of fair play and substantial justice.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,720,059

11.     YKK incorporates by reference the allegations included in all of the preceding paragraphs as if they were fully set forth herein.

12.     United States Patent No. 6,720,059, entitled "Fastener Strip Having Sealing Vertical Wall" and naming Nobuo Fujisawa, Craig Jay Graham, Tsuyoshi Minato, Ryuichi Murasaki, and Mitsuru Akeno as joint inventors, was duly and lawfully issued by the United States Patent and Trademark Office on April 13, 2004.  The '059 Patent is directed to fastener strips that are used, for instance, in conjunction with foam molded products like cushion bodies used for automobile seats.   Exhibit A is a true and correct copy of the '059 Patent.

13.     Velcro has directly infringed and continues to infringe the '059 Patent under 35 U.S.C. § 271(a) by one or more of making, using, offering for sale, or selling within the United States, or importing into the United States at least its 4GI fastener strips.

14.     Upon information and belief, Velcro has infringed and continues to infringe the '059 patent under 35 U.S.C. §§ 271(b) and 271(c).   Velcro is liable for infringement of the '059 patent under 35 U.S.C. § 271(b) by offering for sale or selling in the United States, or importing into the United States, at least its 4GI fastener strips with knowledge of or willful blindness toward the '059 patent and with the specific intent that the fastener strips be used in a forming method as claimed by the '059 patent.

15.     Upon information and belief, Velcro is further liable for infringement under 35 U.S.C. § 271(c) by offering for sale or selling in the United States, or importing into the United States, its 4GI fastener strips for use in a forming method as claimed by the '059 patent.   Velcro

causes such sales or offers for sale with knowledge of or willful blindness toward the '059 patent and with knowledge that at least its 4GI fastener strips are especially made or adapted for use in forming methods as claimed by the '059 patent and with the intention that its fastener strips be so used.

16. Velcro's infringement has caused damages to YKK, and YKK is entitled to recover from Velcro damages adequate to compensate it for the infringement. Velcro will continue to infringe YKK's patent rights, continuing to damage YKK's business and causing irreparable harm, unless enjoined.

17. On information and belief, Velcro's infringement has been and continues to be willful in that it is aware of the '059 patent, is aware of YKK's QUICKFIT® fastener strips, and is a direct competitor of YKK in the fastener strip market.

## REQUESTED RELIEF

WHEREFORE, YKK prays for judgment that:

(a) Velcro has infringed the '059 Patent;

(b) YKK recover damages adequate to compensate it for all infringement occurring through at least the date of judgment, with prejudgment interest, and for any supplemental damages after that date as appropriate;

(c) YKK be awarded enhanced damages for willful infringement;

(d) YKK be awarded costs and reasonable attorneys' fees;

(e) Velcro, its agents, employees, representatives, successors, and assigns, and those acting in privity or concert with any or all of them, be enjoined from further infringement of the '059 Patent; and

(f) YKK be awarded such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

YKK, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

| | |
|---|---|
| August 26, 2013 | /s/ Steven D. Moore<br>Steven D. Moore, Georgia Bar No. 520745<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>Eighth Floor<br>Two Embarcadero Center<br>San Francisco, CA 94111<br>(415) 273-4741 (tel)<br>(415) 651-8510 (fax)<br>smoore@kilpatricktownsend.com<br><br>David A. Reed, Georgia Bar No. 185146<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>(404) 815-6500 (tel.)<br>(404) 815-6555 (fax)<br>dareed@kilpatricktownsend.com<br><br>*Attorneys for Plaintiffs*<br>*YKK Corporation and YKK (U.S.A.) Inc.* |