**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| YKK CORPORATION and<br>YKK (U.S.A.) INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>VELCRO USA INC., and<br>VELCRO CANADA INC.,<br><br>        Defendants. | Case No. 5:13-CV-306-LJA |

**DEFENDANTS VELCRO USA INC. AND VELCRO CANADA INC.'S
MOTIONS *IN LIMINE* AND CONSOLIDATED MEMORANDUM
<u>OF LAW IN SUPPORT</u>**

**TABLE OF CONTENTS**

I. MOTION *IN LIMINE* NO. 1: TO EXCLUDE YKK FROM OFFERING EXPERT EVIDENCE OR ARGUMENT BEYOND THE SCOPE OF EXPERT REPORTS OR DISCOVERY DISCLOSURES ..........................2

II. MOTION *IN LIMINE* NO. 2: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING VELCRO'S EXTRATERRITORIAL ACTIVITIES ......................................................4

III. MOTION *IN LIMINE* NO. 3: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING VELCRO'S TOTAL REVENUES OR PROFITS .........................................................5

IV. MOTION *IN LIMINE* NO. 4: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING VELCRO'S PRIVILEGE CLAIMS ..................................................................5

V. MOTION *IN LIMINE* NO. 5: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING PRIOR RETENTION OF EXPERTS.................................................................................6

VI. MOTION *IN LIMINE* NO. 6: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING COMMUNICATIONS SUBJECT TO FED. R. EVID. 408 .............................7

VII. MOTION *IN LIMINE* NO. 7: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING PRIOR COURT RULINGS AND STATEMENTS MADE BY THE COURT OR ATTORNEYS IN THIS LITIGATION ..................................................8

VIII. MOTION *IN LIMINE* NO. 8: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT EXCLUDED AS A MATTER OF LAW ................................................................................9

IX. MOTION *IN LIMINE* NO. 9: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONTAINED WITHIN THE UNTIMELY SERVED SUPPLEMENTAL EXPERT REPORT OF DR. KEITH UGONE................................................................................10

X. MOTION *IN LIMINE* NO. 10: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT REGARDING YKK'S REQUEST FOR INJUNCTIVE RELIEF................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
  Case No. 2:10-CV-248, 2011 WL 7036048 (E.D. Va. July 5, 2011) ........................................5

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
  265 F.3d 1294 (Fed. Cir. 2001)..................................................................................................8

*Argenyi v. Creighton Univ.*,
  Case No. 8:09-CV-341, 2013 WL 4434424 (D. Neb. Aug. 14, 2013) ....................................12

*Coca-Cola Co. v. Pepsico, Inc.*,
  Case No. 1:02-CV-2887-RWS, 2005 WL 5974444 ( N.D. Ga. Mar. 17, 2005)........................3

*Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*,
  831 F. Supp. 1516 (D. Colo. 1993)..........................................................................................12

*Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*,
  402 F.3d 1092 (11th Cir. 2005) .................................................................................................1

*Genband US LLC v. Metaswitch Networks Corp.*,
  Case No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530
  (E.D. Tex. Sept. 30, 2015) .........................................................................................................6

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010)..................................................................................................12

*Int'l Rectifier Corp. v. Samsung Elecs. Co.*,
  361 F.3d 1355 (Fed. Cir. 2004)................................................................................................12

*Kerns v. Pro-Foam of S. Ala., Inc.*,
  572 F. Supp. 2d 1303 (S.D. Ala. 2007).....................................................................................7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
  383 F.3d 1337 (Fed. Cir. 2004)..................................................................................................6

*Luce v. United States*,
  469 U.S. 38 (1984).....................................................................................................................1

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
  Case No. C 08-04990 JW, 2012 WL 2339762 (N.D. Cal. June 7, 2012) ..................................8

*Ostrow v. GlobeCast Am. Inc.*,
  825 F. Supp. 2d 1267 (S.D. Fla. 2011) ......................................................................................7

*Palmer v. Bd. of Regents of Univ. Sys. of Ga.*,
   208 F.3d 969 (11th Cir. 2000) ...............................................................................................12

*Peeler v. KVH Indus., Inc.*,
   Case No. 8:12-CV-1584-T-33MAP, 2014 WL 117101 (M.D. Fla. Jan. 13,
   2014) .......................................................................................................................................9

*Reyes v. Aqua Life Corp.*,
   Case No. 10-23548-CIV-COOKE, 2012 WL 12892213 (S.D. Fla. July 9,
   2012) .......................................................................................................................................7

*S.E.C. v. Retail Pro, Inc.*,
   Case No. 08-cv-1620-WQH-RBB, 2011 WL 589828 (S.D. Cal. Feb. 10, 2011) .....................8

*Soto v. Geico Indem. Co.*,
   No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247 (M.D. Fla. July 21, 2014) .....................1

*Swinford v. Target Corp.*,
   Case No. 1:13-CV-4136-MHC, 2015 WL 11216740 (N.D. Ga. July 13, 2015) .....................3

*Swoope v. CSX Transp., Inc.*,
   Case No. 4:13-CV-0307-HLM, 2015 WL 12564948 (N.D. Ga. July 29, 2015) .....................8

**Statutes**

35 U.S.C. § 271 ...............................................................................................................................4

35 U.S.C. § 283 .............................................................................................................................12

35 U.S.C. § 284 ...............................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B) .............................................................................................................2

Fed. R. Evid. 401 .......................................................................................................................6, 11

Fed. R. Evid. 402 .........................................................................................................................4, 9

Fed. R. Evid. 403 ..................................................................................................................*passim*

Fed. R. Evid. 403, 802 ...................................................................................................................11

Fed. R. Evid. 408 ........................................................................................................................1, 7

Fed. Rule Civ. P. 37(c).....................................................................................................................3

# APPENDIX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Excerpt of March 24, 2017 Expert Report of John D. Pratt, Ph.D. - CONFIDENTIAL |
| B | Excerpt of May 1, 2017 Expert Report of Haskell W. Beckham, Ph.D., Regarding Non-Infringement of U.S. Patent No. 6,720,059 - CONFIDENTIAL |
| C | Excerpt of Transcript from Deposition of John Pratt (May 16, 2017) - CONFIDENTIAL |
| D | Excerpt of Expert Report of Keith R. Ugone, Ph.D. (Mar. 24, 2017) - CONFIDENTIAL |
| E | Excerpt of Expert Report of John D. Pratt, Ph.D. (May 1, 2017) - CONFIDENTIAL |
| F | Plaintiff YKK's Initial Disclosures (Apr. 21, 2014) |
| G | Excerpt of YKK's Responses and Objections to Defendant Velcro's Second Set of Interrogatories (Jan. 30. 2015) |
| H | Excerpt of Supplemental Expert Report of Keith R. Ugone, Ph.D. (June 26, 2017) - CONFIDENTIAL |
| I | Defendant Velcro USA Inc.'s Eighth Supplemental Responses to Plaintiff YKK's First Set of Interrogatories (No. 6) (Oct. 6, 2017) |

Defendants Velcro USA Inc. and Velcro Canada Inc. (collectively "Velcro") hereby move *in limine* to preclude Plaintiffs YKK Corporation and YKK (U.S.A.) Inc. (collectively "YKK") from offering evidence or argument concerning:

- Matters beyond the scope of expert reports or discovery disclosures;
- Velcro's extraterritorial activities;
- Velcro's total revenues or profits;
- Velcro's claims of privilege;
- Prior retention of experts;
- Communications subject to Fed. R. Evid. 408;
- Prior court rulings and statements made by the court or attorneys in this litigation;
- Issues excluded as a matter of law;
- Matters within the untimely supplemental expert report of Dr. Keith Ugone; and
- YKK's request for injunctive relief.

Generally, trial judges are authorized and have broad discretion to rule on motions *in limine* pursuant to the inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-05 (11th Cir. 2005). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014). Velcro requests that such relief be granted here as follows:

## I. MOTION *IN LIMINE* NO. 1: TO EXCLUDE YKK FROM OFFERING EXPERT EVIDENCE OR ARGUMENT BEYOND THE SCOPE OF EXPERT REPORTS OR DISCOVERY DISCLOSURES

Velcro respectfully seeks to preclude YKK's designated experts from offering opinions not disclosed in their March 24, 2017 and May 1, 2017 expert reports and from offering opinions based on evidence not disclosed during discovery.

Specifically, the Court should preclude YKK's technical expert Dr. John Pratt from offering opinions not disclosed in his March 24, 2017 report regarding infringement and his May 1, 2017 rebuttal report regarding validity, and preclude YKK's damages expert Dr. Keith Ugone from offering opinions not disclosed in his March 24, 2017 report regarding damages issues.[1] *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them"). Velcro expects that YKK will attempt to present expert testimony regarding allegations of literal infringement of asserted claims 2, 3, 4, and 9 by 4Gi Version 1, 4Gi Version 2, and MH4 through Dr. Pratt's testimony. However, Dr. Pratt's report regarding infringement served on March 24, 2017 presents no discussion of how 4Gi or MH4 *literally* infringes these claims, providing only discussions requiring theories of infringement based on the doctrine of equivalents. Ex. A (Pratt Report, Mar. 24, 2017) at ¶¶ 137-157, 176-178, 203-205, 238-240.[2] Velcro also expects that YKK will attempt to present expert testimony identifying, for example, additional YKK products that allegedly practice the asserted patent. However, Dr. Pratt's expert report provides no opinion as to whether any YKK products other than the Z15-1 and FLEXA2 practice any claim of the '059

---

[1] As explained in Motion *in Limine* No. 9, Dr. Ugone should not be permitted to testify on any matters set forth in his June 26, 2017 supplemental report, which was not timely served or subject to any Court order permitting such additional opinions.

[2] Specifically, Dr. Pratt provides only a doctrine of equivalents based analysis for element (c) of asserted claims 2, 3, 4, and 9 for all accused products. Ex. A (Pratt Report, Mar. 24, 2017) at ¶¶ 137-157. Dr. Pratt then cites back to and relies only on his claim 2(c) doctrine of equivalents analysis for his infringement analysis for all products for claims 3, 4, and 9. *See id.* at ¶¶ 176-178, 203-205, 238-240. Velcro's expert Dr. Beckham noted as much in his rebuttal report regarding non-infringement. Ex. B (Beckham Report, May 1, 2017) at ¶ 96. Yet, YKK has not sought to supplement or amend Dr. Pratt's report in view of this notification of the omission.

Patent. Ex. A (Pratt Report, Mar. 24, 2017) at ¶¶ 363-394. ███████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████ *See* Ex. C (Pratt Dep. Tr.) at 36:25-42:25. Should Dr. Pratt be permitted to exceed the scope of his disclosed opinion, Velcro would be unfairly prejudiced and denied the opportunity to cross-examine Dr. Pratt on any such opinion.

Additionally, the Court should preclude YKK's experts from presenting testimony or evidence based upon discovery withheld by YYK in this case. *See* Fed. Rule Civ. P. 37(c). For example, Dr. Ugone repeatedly relies upon and references discussions with YKK employees Thanh Nguyen and Marty Timms in support of his damages opinions. Ex. D (Ugone Report, Mar. 24, 2017) at ¶¶ 6 n.7, 25, 35 & n.35, 55 n.87, 56 n.97, 56 n.102, 66 n.116, 66 n.121, 66 n.128-n.129, 66 n.131, 71 n.138, 106 n.163, 108 n.170, 113 n.176, 128 n.186, 131 n.187, Ex. 8 at (b); *see also* Ex. A (Pratt Report, Mar. 24, 2017) at ¶ 17; Ex. E (Pratt Report, May 1, 2017) at ¶ 9. However, nowhere in its initial disclosures or responses to Velcro's interrogatories does YKK identify these individuals as having knowledge of YKK products, sales, or costs. Ex. F (YYK Initial Disclosures); Ex. G (YKK's Resp. to Interrog. 16) at 16-17. Permitting YKK, through the guise of expert testimony, to rely on evidence it should have provided in its discovery disclosures unfairly prejudices Velcro's ability to prepare for and present its case. Fed. R. Evid. 403.

Velcro thus respectfully requests that the Court grant this motion. *See, e.g., Coca-Cola Co. v. Pepsico, Inc.*, Case No. 1:02-CV-2887-RWS, 2005 WL 5974444, at *1 (N.D. Ga. Mar. 17, 2005) ("With respect to Coca-Cola's Motion in Limine to Preclude Opinions from Defendants' Experts Not Disclosed in their Expert Reports [130-1], that motion is GRANTED."); *Swinford v. Target Corp.*, Case No. 1:13-CV-4136-MHC, 2015 WL 11216740, at *6-7 (N.D. Ga. July 13, 2015) (granting motion *in limine* where "Plaintiffs failed to disclose the enumerated witnesses and documents within the time required under the Federal Rules of Civil Procedure or to

3

supplement the Initial Disclosures to add those witnesses and documents during discovery").

**II.    MOTION *IN LIMINE* NO. 2: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING VELCRO'S EXTRATERRITORIAL ACTIVITIES**

Velcro respectfully seeks to preclude YKK from offering any evidence at trial concerning Velcro's extraterritorial activities—that is, Velcro's activities outside of the United States which have no connection to the accused products sold, offered for sale, or imported into the United States. YKK currently accuses Velcro's 4Gi and MH4 products of infringement based on their alleged sale, offer for sale, and importation in the United States. The applicable federal question under which this Court derives its jurisdiction provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, *within the United States or imports into the United States* any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271 (emphasis added). Thus, whether nor not the accused products are sold or offered for sale by Velcro to customers outside of the United States is of no relevance to this case. For example, whether or not Velcro's products— ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇ —compete with YKK products in Japan or Spain is of no relevance to this case. Nor has YKK accused the Velcro products of infringing any foreign patents, such as Canadian, Japanese, or Spanish patents. *See, e.g.*, 35 U.S.C. § 284 (permitting recovery of damages "adequate to compensate for the infringement"); 35 U.S.C. § 271 (limiting acts of infringement to the United States). If YKK introduced evidence of extraterritorial activities, such as comments concerning Velcro's sale or offers for sale of products in various other countries such as Japan, Spain, or Brazil, or its competitive status in foreign countries, such argument or evidence would serve only to confuse the jury as to the factual issues relevant to this case, which involve only U.S. customers and the U.S. market. Fed. R. Evid. 402, 403.

Velcro thus respectfully requests that the Court grant this motion.

### III. MOTION *IN LIMINE* NO. 3: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING VELCRO'S TOTAL REVENUES OR PROFITS

Velcro respectfully seeks to preclude YKK from offering any evidence concerning Velcro's total revenues or total profits. As an initial matter, Velcro's damages expert, Dr. Ugone, does not offer any opinions that rely upon the disclosure of Velcro's total company revenues or profits in his analysis. Additionally, even if there was some probative value to such financial numbers—and there is not—it is substantially outweighed by the unfair prejudice Velcro would suffer if YKK were allowed to introduce Velcro's overall revenue, income, and profitability numbers.

Here, it is undisputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, any reference to Velcro's total revenues or profits would ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The damages theories at trial will be complicated enough without introducing additional numbers having no bearing on that analysis and unrelated to the products at issue. Further, there is also the danger that the jury could be misled into awarding relief on an improper basis, such as redistributing wealth or punishing Velcro for successes associated with irrelevant, revenue numbers, which reflect the wide scope of Velcro's many unrelated product offerings and sales across the globe. *See, e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, Case No. 2:10-CV-248, 2011 WL 7036048, at *4 (E.D. Va. July 5, 2011) (granting motion *in limine* to exclude reference to corporate revenues, profits, and other financial metrics not relevant to damages theory). The result of the introduction of such numbers would be unfairly prejudicial to Velcro, and should therefore be excluded under Fed. R. Evid. 403.

### IV. MOTION *IN LIMINE* NO. 4: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING VELCRO'S PRIVILEGE CLAIMS

Velcro respectfully seeks to preclude YKK from offering evidence or argument referring to or based upon any claim of privilege made by Velcro during the pendency of this case,

including claims of attorney-client privilege, attorney work product, or common-interest privilege. Velcro served its privilege log on YKK in December 2015 and July 2016. YKK has not raised any concerns with these claims to the Court, nor is Velcro aware of such a dispute that exists. To the extent YKK seeks to refer to actions or events upon which Velcro has asserted a claim of privilege, however, such references should not be made as they bear no relevance to the factual issues in dispute. Fed. R. Evid. 401, 402. Any argument made to such a privilege assertion made by Velcro would be improper because Velcro has the right to assert claims of privilege to protect them from disclosure without risk of adverse inference. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp*., 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("[N]o adverse inference shall arise from invocation of the attorney-client privilege and/or work product privilege."). Any such reference would only serve to mislead and confuse the jury to believe a party is concealing discoverable information that is otherwise protected and inadmissible as evidence, and the prejudicial effect of such confusion would outweigh any probative value gained from references made to Velcro's privilege claims. Fed. R. Evid. 403.

Velcro thus respectfully requests that the Court grant this motion.

V. **MOTION *IN LIMINE* NO. 5: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING PRIOR RETENTION OF EXPERTS**

Velcro respectfully seeks to preclude YKK from introducing any evidence or argument concerning the prior retention of any experts by any party or outside counsel in this case. Specifically, both parties have retained damages experts to opine on complex matters before the jury. To the extent these experts have opined before on matters concerning the opposing party or with other counsel, such matters are simply not relevant to the factual issues in dispute in this case. Moreover, allowing a party to mislead the jury as to the credibility of an expert's opinion purely by that expert's association with any other party or counsel in this case would only prejudicially confuse the jury, outweighing any probative value of such evidence or argument. Fed. R. Evid. 403; *Genband US LLC v. Metaswitch Networks Corp.,* Case No. 2:14-CV-33-JRG-

6

RSP, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015) ("No party will refer to the fact that a party's expert witness was previously considered for retention by, was retained by, or is currently retained by the opposing party's counsel."); *see also Kerns v. Pro-Foam of S. Ala., Inc.*, 572 F. Supp. 2d 1303, 1310 n.10 (S.D. Ala. 2007) ("To be sure, there is a potential for prejudice in 'side-switching' cases if the jury learns that an expert called by one party has previously been retained by the opposing party and then changed allegiances. . . . The remedy for that concern, however, is not to forbid the expert from testifying, but is instead to restrict the parties and expert from referring to the circumstances of his retention."). Velcro thus respectfully requests that any such reference or argument be excluded.

## VI. MOTION *IN LIMINE* NO. 6: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING COMMUNICATIONS SUBJECT TO FED. R. EVID. 408

Velcro seeks to preclude YKK from introducing, presenting, or making reference to any evidence subject to the protections of Fed. R. Evid. 408 that relates to the parties' settlement discussions held on multiple occasions during the pendency of this matter. Fed. R. Evid. 408 prohibits introduction of such offers to compromise. Any reference to the parties' pre-trial settlement discussions and related offers to compromise are irrelevant to the issues before the jury, present a substantial risk of confusion of the issues, and are potentially prejudicial to Velcro's ability to present its defenses. *See Ostrow v. GlobeCast Am. Inc.,* 825 F. Supp. 2d 1267, 1270-71 (S.D. Fla. 2011) (granting motion *in limine* holding "[t]he parties shall not seek to admit evidence pertaining to settlement negotiations between the parties for the purpose of proving liability for, invalidity of, or amount of a claim, or to impeach through a prior inconsistent statement or contradiction."); *Reyes v. Aqua Life Corp.,* Case No. 10-23548-CIV-COOKE, 2012 WL 12892213, at *1 (S.D. Fla. July 9, 2012) (motion *in limine* seeking to exclude "evidence of response to demand letter is GRANTED, pursuant to Rule 408 because it is a statement made during compromise negotiations"). Additionally, reference to the parties' settlement negotiations

may misleadingly suggest concessions made by Velcro that would prejudicially confuse the jury on issues of infringement, validity, or damages. Fed. R. Evid. 403.

Velcro thus requests that the Court exclude any reference to the parties' settlement negotiations.

## VII. MOTION *IN LIMINE* NO. 7: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING PRIOR COURT RULINGS AND STATEMENTS MADE BY THE COURT OR ATTORNEYS IN THIS LITIGATION

YKK should be precluded from presenting evidence or argument referencing any discovery disputes, motion practice, and/or rulings in this case,[3] including statements by the parties and the Court during hearings. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1308-10 (Fed. Cir. 2001) (affirming district court's exclusion of evidence related to "the procedural history of the case"); *Mformation Techs., Inc. v. Research in Motion Ltd.*, Case No. C 08-04990 JW, 2012 WL 2339762, at *2 (N.D. Cal. June 7, 2012) (excluding as not relevant all evidence of pretrial discovery disputes, such as motions to compel and defendants' motion for sanctions); *S.E.C. v. Retail Pro, Inc.*, Case No. 08-cv-1620-WQH-RBB, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011) (excluding evidence of, or reference to, the court's prior summary judgment order because it "presents a substantial risk of jury confusion and unfair prejudice to Defendant"); *see also Swoope v. CSX Transp., Inc.,* Case No. 4:13-CV-0307-HLM, 2015 WL 12564948, at *5 (N.D. Ga. July 29, 2015) (granting motion *in limine* excluding references to discovery disputes).

Because jurors place heavy weight upon the Court's statements, a party's reference to, for example, the Court's statements to the parties during the claim-construction hearing or discovery hearing like the telephonic hearings held on July 21, 2016, August 26, 2016, December 1, 2016, and on June 20, 2017, would create a substantial risk of creating a general bias and unfairly prejudicing Velcro in presenting its defenses to the jury. Fed. R. Evid. 403.

---

[3] Velcro's motion does not extend to the Court's claim construction order.

8

Finally, referencing discovery motions and rulings also distracts from the triable issues, creating jury confusion on the issues in the case. Fed. R. Evid. 403. For example, the parties have both requested payment of costs for some discovery disputes, and the Court has awarded costs of the travel of two YKK witnesses to the U.S. for deposition to YKK; however, any argument or suggestion by YKK regarding Velcro's ultimately liability on the issues for trial based on these prior discovery disputes and ruling is irrelevant, unfairly prejudicial, and misleading to the jury. Fed. R. Evid. 402, 403. Accordingly, the Court should exclude evidence or argument referencing any discovery disputes, motion practice, and/or rulings in this case, including statements by the parties and the Court during hearings.

## VIII. <u>MOTION *IN LIMINE* NO. 8</u>: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT EXCLUDED AS A MATTER OF LAW

YYK should be precluded from offering any evidence or argument on issues that are excluded by the Court's prior rulings. For example, on March 10, 2017, the Court granted in part Velcro's motion for partial summary judgment, ruling the MH4 accused product does not literally infringe claims 2, 3, 4, or 9 of the '059 Patent, the MH4 accused product does not literally infringe all limitations of claims 12 and 13, and that prosecution history estoppel bars the application of the doctrine of equivalents to certain elements in Claims 12 and 13. Order, Doc. 122 (Mar. 10, 2017) at 9, 15, 19-20. Thus, YKK should be precluded from offering at trial any arguments or evidence of infringement by doctrine of equivalents ("DOE") for claims 12 and 13 and all claims dependent thereto, including asserted claims 14-19. Further, the Court's ruling regarding prosecution history estoppel as to claims 12 and 13 and all claims dependent thereto should be applied against all of YKK's allegations of infringement of claims 12-19 for all accused products, not just MH4, which was the subject of the original motion.

Other courts in this circuit have excluded evidence or argument relating to issues of law specifically addressed by a Court order because a party should not be permitted to present evidence to the jury that is contrary to the Court's orders. *See Peeler v. KVH Indus., Inc.*, Case No. 8:12-CV-1584-T-33MAP, 2014 WL 117101, at *5-6 (M.D. Fla. Jan. 13, 2014).

9

This is also not a matter properly handled in cross-examination, moreover, because the bell cannot be unrung. Because there can be no infringement of the "continuous transverse wall(s)" limitation under the DOE, YKK should be precluded from eliciting any DOE-related testimony during trial and from arguing any equivalents to this structure to the jury. If YKK's expert witness Dr. John Pratt is permitted to opine on DOE as to claims 12-19 at trial, the jurors are nearly certain to be confused into thinking that there is a basis under which they could find infringement under the DOE. There is not.

IX. **MOTION *IN LIMINE* NO. 9: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT CONTAINED WITHIN THE UNTIMELY SERVED SUPPLEMENTAL EXPERT REPORT OF DR. KEITH UGONE**

YKK should additionally be precluded from offering any testimony or evidence contained in the late-disclosed, "supplemental" report of Dr. Ugone, served on June 26, 2017. Ex. H (Ugone Supp. Report, June 26, 2017). The parties early on established procedural deadlines for the disclosure and service of expert reports. Importantly, the parties agreed to no rebuttal expert reports after exchanging reports on issues upon which a party bears the burden on March 24, 2017 (Doc. 118), and issues upon which a party does not bear the burden on May 1, 2017 (Doc. 128). YKK's unilateral submission of this additional report ignores their earlier agreement and procedural due dates.

Critically, YKK did not file a motion seeking leave to submit this supplemental report. Nor did it advise Velcro of its intention to do supplement Dr. Ugone's opinions. Even if it did, such request should be denied because the alleged basis for YKK's need for a supplemental report is cumulative of evidence already produced by Velcro to YKK prior to Dr. Ugone's March 24th deposition. Ex. H (Ugone Supp. Report, June 26, 2017) at ¶¶ 1-3 (acknowledging that alleged basis for supplementation is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *see also* Ex. I, Defs. Eighth Supp. Resp. to Interrog. No. 6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Moreover, by the time YKK served its report on June 26, the due date for taking expert depositions had already passed. Doc. 129 (joint stipulation agreeing to close of expert depositions on June 7, 2017). YKK has identified no justifiable reason for not having raised its intention to supplement Dr. Ugone's opinions *prior* to the close of expert discovery, or not having first sought leave of the Court, such that adequate protections could be taken—if any—to protect Velcro's ability to fully respond. Indeed, any attempt by YKK to do so in response to this motion *in limine* is too late—as the prejudice to Velcro has already been dealt. Velcro has had no opportunity to depose Dr. Ugone on these additional opinions. Even more, Dr. Ugone's opinion continues to inappropriately rely upon discussions with YKK employees (e.g., Mr. Thanh Nguyen) that were never disclosed by YKK as persons with knowledge during fact discovery, as discussed above in Motion *in Limine* No. 1. Ex. H (Ugone Supp. Report, June 26, 2017) at ¶¶ 3-5 & n.8-10, 8-10 & n.20-22. Not only are these discussions inappropriate, they also constitute inadmissible hearsay whose prejudicial effect outweighs the probative value of including such hearsay in the record—as Velcro has been denied any timely opportunity to depose Dr. Ugone on the purported discussions he had with Mr. Nguyen after the close of fact and expert discovery. Fed. R. Evid. 403, 802.

Velcro thus respectfully requests that any argument or evidence contained within Dr. Ugone's untimely supplemental report be excluded.

X.  **MOTION *IN LIMINE* NO. 10: TO EXCLUDE YKK FROM OFFERING EVIDENCE OR ARGUMENT REGARDING YKK'S REQUEST FOR INJUNCTIVE RELIEF**

YKK should be precluded from offering evidence or argument regarding its request for injunctive relief against Velcro.

YKK's request for injunctive relief does not have a tendency to make any issue decided by the jury "more probable or less probable." Fed. R. Evid. 401, 402. This is because the

granting of an injunction is a matter exclusive to this Court's (not the jury's) discretion, to be decided only after the jury finds infringement. *See* 35 U.S.C. § 283 (providing that injunctions "to prevent the violation of any right secured by patent" must be granted "in accordance with the principles of equity"); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 839 (Fed. Cir. 2010) (describing the district court's entry of a permanent injunction following the jury's finding of infringement); *Int'l Rectifier Corp. v. Samsung Elecs. Co.*, 361 F.3d 1355, 1359 (Fed. Cir. 2004) (explaining that injunctive relief is within a trial court's discretion). The jury therefore has no reason to know about YKK's request for an injunction, and YKK should be precluded from referring to it. *See, e.g.*, *Argenyi v. Creighton Univ.*, Case No. 8:09-CV-341, 2013 WL 4434424, at *6 (D. Neb. Aug. 14, 2013) (granting motion *in limine* to preclude any arguments concerning injunctive relief "[b]ecause injunctive relief is a matter of equity, within the province of the judge and not the jury, counsel for the Plaintiff will refrain from presenting to the jury any argument regarding proposed injunctive relief"); *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F. Supp. 1516, 1530 (D. Colo. 1993) (granting motion *in limine* to preclude reference to plaintiff's claim for injunctive relief).

Here, specifically, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ YKK may use its request for injunctive relief to manufacture or mislead the jury into inferring that infringing actions in the U.S. are nonetheless taking place, or that harm nonetheless exists. The law is clear that the issue of granting injunctive relief—and the underlying determinations—is wholly within the province of the Court, not the jury, to decide, and that such decision occurs only after a finding of infringement. Even if YKK were to eschew some relevance to its injunctive relief claims, moreover, any reference to its request for injunctive relief should still be excluded because it would only confuse and mislead the jury as to the issues that the jury is charged with deciding: for example, infringement. Fed. R. Evid. 403; *see also Palmer v. Bd. of Regents of Univ. Sys. of Ga.*, 208 F.3d 969, 972-73 (11th Cir. 2000) (affirming exclusion of evidence when prejudicial effect outweighed any probative value).

12

Velcro thus respectfully requests that the Court grant this motion.

Respectfully submitted, this 16th day of October 2017,

/s/ *Christopher O. Green*
Christopher O. Green
(Georgia Bar No. 037617)
Sara C. Fish
(Georgia Bar No. 873853)
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
(404) 892-5005 (tel)
(404) 892-5002 (fax)
cgreen@fr.com
sfish@fr.com

*Attorneys for Defendants*
*Velcro USA Inc. and Velcro Canada Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Middle District of Georgia Local Rule 5.0. As such, this motion was served on this the 16th day of October 2017 on all counsel who are deemed to have consented to electronic service. L.R. 5.0, MDGA.

*/s/ Christopher O. Green*
Christopher O. Green