**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

YKK CORPORATION and YKK (U.S.A.) INC.,

      Plaintiffs,

v.

VELCRO USA INC. and VELCRO CANADA
INC.,

      Defendant.

Case No. 5:13-CV-306-LJA

## PLAINTIFF YKK'S MOTIONS IN *LIMINE*

## <u>TABLE OF CONTENTS</u>

MOTIONS *IN LIMINE*

1. Velcro Should Not Be Permitted to Argue Indefiniteness to the Jury.................................1

2. Velcro Should Be Precluded From Introducing Arguments, Evidence, or Testimony Regarding Any of Its Own Patents or Patent Applications. ............................4

3. Velcro Should Be Precluded From Offering Argument, Testimony, or Evidence Concerning the Meaning of Claim Terms ...........................................................8

4. Velcro Should Be Precluded From Making Any Reference To Any Prior Briefings to or Rulings By The Court.................................................................9

5. Velcro Should Be Precluded From Offering Any Undisclosed Expert Opinions or Conclusions.........................................................................................11

    A.    All Undisclosed Expert Testimony Should Be Excluded.....................................11

    B.    Velcro's Experts Should Be Precluded from Offering Opinions or Evidence Concerning Secondary Considerations of Obviousness Not Presented in Velcro's Expert Reports. ...................................................12

6. Velcro Should Be Precluded From Offering Any Evidence, Argument, or Testimony Comparing the Prior Art to the Accused Products. .........................................12

7. Velcro Should Be Precluded from Offering Evidence or Arguments Regarding Opinions of Counsel. .........................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Abbott Point of Care, Inc. v. Epocal, Inc.*,
    868 F. Supp. 2d 1310 (N.D. Ala. Apr. 18, 2012) ............................................................. 6

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
    No. C-95-03577 DLJ, 2000 WL 34334583 (N.D. Cal. Mar. 31, 2000) ............................ 5

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
    No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ................................. 6

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
    410 F.3d 701 (Fed. Cir. 2005) ........................................................................................ 11

*Atlas Powder Co. v. E.I. DuPont de Nemours & Co.*,
    750 F.2d 1569 (Fed. Cir. 1984) ........................................................................................ 5

*Atmel Corp. v. Info Storage Devices, Inc.*,
    198 F.3d 1374 (Fed. Cir. 1999) ........................................................................................ 1

*Biosig Instruments, Inc. v. Nautilus, Inc.*,
    783 F.3d 1374 (Fed. Cir. 2015) ........................................................................................ 1

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
    80 F.3d 1553 (Fed. Cir. 1996) ..................................................................................... 4, 5

*Cameco Indus., Inc. v. La. Cane Mfg.*,
    No. 92-3158, 1995 WL 468234 (E.D. La. July 27, 1995) ............................................ 6, 7

*CDA of America Inc. v. Midland Life Ins. Co.*,
    No. 01-CV-837, 2006 WL 5349266 (S.D. Ohio Mar. 27, 2006) .................................... 10

*Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*,
    838 F.3d 1224 (Fed. Cir. 2016) ........................................................................................ 1

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
    845 F.3d 1357 (Fed. Cir. 2017) ........................................................................................ 1

*Eon Corp. IP Holdings LLC v. AT&T Mobility LLC*,
    785 F.3d 616 (Fed. Cir. 2015) .......................................................................................... 1

*ePlus, Inc. v. Lawson Software, Inc.*,
    700 F.3d 509 (Fed. Cir. 2012) .......................................................................................... 2

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
    No. 2:15-CV-1202-WCB, 2017 WL 1355388 (E.D. Tex. Apr. 13, 2017) ....................... 2

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
   796 F.3d 1312 (Fed. Cir. 2015)............................................................................ 1

*EZ Dock, Inc. v. Schafer Systems, Inc.*,
   2003 WL 1610781 (D. Minn. Mar. 8, 2003) ...................................................... 6

*Fiskars, Inc. v. Hunt Mfg. Co.*,
   221 F.3d 1318 (Fed. Cir. 2000)............................................................................ 5

*Gentex Corp. v. Donnelly Corp.*,
   No. 5:92-CV-84, 1993 WL 207625 (W.D. Mich. Mar. 22, 1993)...................... 7

*Glaros v. H.H. Robertson Co.*,
   797 F.2d 1564 (Fed. Cir. 1986)............................................................................ 6

*Graves v. Plaza Med. Centers, Corp.*,
   No. 10-23382-CIV, 2017 WL 3895438 (S.D. Fla. Sept. 6, 2017).................... 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ......................................................................................... 5

*Hochstein v. Microsoft Corp.*,
   No. 04-73071, 2009 WL 2022815 (E.D. Mich. July 7, 2009) ........................... 7

*Hoffer v. Microsoft Corp.*,
   405 F.3d 1326 (Fed. Cir. 2005)............................................................................ 1

*Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*,
   540 F.3d 1337 (Fed. Cir. 2008)............................................................................ 8

*In re Omeprazole Patent Litig.*,
   536 F.3d 1361 (Fed. Cir. 2008).......................................................................... 13

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)............................................................................ 5

*Intellectual Prop. Dev., Inc. v. UA-Columbia Cablevision of Westchester, Inc.*,
   336 F.3d 1308 (Fed. Cir. 2003)............................................................................ 1

*Ion, Inc. v. Sercel, Inc.*,
   No. 5:06-CV-236 (DF), 2009 WL 10677596 (E.D. Tex. July 22, 2009) ........... 2

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995)............................................................................ 2, 9

*Mi-Jack Prods. v. Int'l Union of Operating Eng'rs*,
   No. 94 C 6676, 1995 WL 680214 (N.D. Ill. Nov. 14, 1995)............................ 10

*Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*,
No. 2:13-CV-947-JRG-RSP, 2016 WL 3611559 (E.D. Tex. Feb. 4, 2016) ................ 8, 10

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
No. 2:06-CV-367 (DF), 2009 WL 10677783 (E.D. Tex. Feb. 25, 2009) .......................... 2

*Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*,
161 F.3d 696 (Fed. Cir. 1998)............................................................................................. 1

*Praxair, Inc. v. ATMI, Inc.*,
543 F.3d 1306 (Fed. Cir. 2008)........................................................................................... 1

*Rolls-Royce Ltd. v. GTE Valeron Corp.*,
800 F.2d 1101 (Fed. Cir. 1986)........................................................................................... 5

*Roton Barrier, Inc. v. Stanley Works*,
79 F.3d 1112 (Fed. Cir. 1996)............................................................................................. 8

*Sanitary Refrigerator Co. v. Winters*,
280 U.S. 30 (1929)............................................................................................................... 4

*Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
637 F.3d 1269 (Fed. Cir. 2011)......................................................................................... 11

*Smartflash LLC v. Apple Inc.*,
No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593 (E.D. Tex. Jan. 29, 2015) ................ 3

*Solomon v. Kimberly-Clark Corp.*,
216 F.3d 1372 (Fed. Cir. 2000)........................................................................................... 8

*Sulzer Textil A.G. v. Picanol N.V.*,
358 F.3d 1356 (Fed. Cir. 2004)........................................................................................... 3

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*,
No. C 06-110-MWB, 2009 WL 88357 (N.D. Iowa Jan. 8, 2009) ...................................... 3

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011)......................................................................................... 13

*Wavetronix v. EIS Elec. Integrated Sys.*,
573 F.3d 1343 (Fed. Cir. 2009)......................................................................................... 13

*Zenith Elecs. Corp. v. PDI Comm. Sys., Inc.*,
522 F.3d 1348 (Fed. Cir. 2008)......................................................................................... 13

**Rules**

Fed. R. Civ. P. 26 ................................................................................................... 11, 12

Fed. R. Civ. P. 26(a) ................................................................................................ 11, 12

Fed. R. Civ. P. 26(a)(2) ................................................................................................ 11

Fed. R. Civ. P. 26(a)(2)(B)(i) ........................................................................................ 11

Fed. R. Civ. P. 37(c) ..................................................................................................... 11

Fed. R. Civ. P. 37(c)(1) ............................................................................................ 11, 14

Fed. R. Evid. 401 .................................................................................................. passim

Fed. R. Evid. 402 .................................................................................................. passim

Fed. R. Evid. 403 .................................................................................................. passim

Fed. R. Evid. 408 .......................................................................................................... 11

Pursuant to the Federal Rules of Evidence and Civil Procedure, Plaintiffs YKK Corporation and YKK (U.S.A.) Inc. (together "YKK") hereby move *in limine* for an order excluding the following evidence and/or arguments from the trial. YKK's motions seek to ensure that the limited time the Court and jurors have to consider this matter is used only on subjects that are relevant to issues of consequence to the determination of the parties' claims and defenses, and for which the parties have engaged in full and timely discovery.

**1.     Velcro Should Not Be Permitted to Argue Indefiniteness to the Jury.**

The Court should preclude Velcro from arguing indefiniteness to the jury. Any effort by Velcro to argue indefiniteness to the jury would be improper at least because the Federal Circuit has made clear that indefiniteness is a legal question for the Court, one this Court already has decided. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1317 (Fed. Cir. 2015); *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1328 (Fed. Cir. 2005); *Intellectual Prop. Dev., Inc. v. UA-Columbia Cablevision of Westchester, Inc.*, 336 F.3d 1308, 1318 (Fed. Cir. 2003).

Further, "[i]ndefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determine whether allegedly indefinite language is subject to construction." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008); *see also Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1370 (Fed. Cir. 2017); *Eon Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 620 (Fed. Cir. 2015); *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1377-78 (Fed. Cir. 2015). Indeed, indefiniteness is a legal question that is "inextricably intertwined with claim construction." *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1232 (Fed. Cir. 2016) (quoting *Atmel Corp. v. Info Storage Devices, Inc.*, 198 F.3d 1374, 1379 (Fed. Cir. 1999)); *see also Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998) (indefiniteness "is a legal conclusion that is drawn from the court's performance of its duty as the construer of

1

patent claims"); *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012) (same).

As such, the issue of indefiniteness is properly determined with claim construction, and it is the Court, not the jury, that must resolve any dispute regarding indefiniteness. *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 1355388, at *3 (E.D. Tex. Apr. 13, 2017) (Bryson, J.) ("As in the case of claim construction, factual issues relating to indefiniteness determinations can arise; when factual findings are required to be made, however, those findings are made by the court and reviewed for clear error.") (internal citations omitted); *PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367 (DF), 2009 WL 10677783, at *1 (E.D. Tex. Feb. 25, 2009) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (The court "has the power and obligation to construe as a matter of law the meaning of language used in a patent claim.")).

Moreover, indefiniteness is a legal issue this Court has ***already decided***, and Velcro cannot now resurrect it to seek a jury finding on this issue of law. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 1355388, at *3 (E.D. Tex. Apr. 13, 2017) ("Even though Lilly addressed the issue of indefiniteness in a paper denominated as a motion for summary judgment, the indefiniteness issue was before the Court as a part of the Court's claim construction, and it was properly addressed and finally resolved in conjunction with the claim construction process."); *Ion, Inc. v. Sercel, Inc.*, No. 5:06-CV-236 (DF), 2009 WL 10677596, at *3 (E.D. Tex. July 22, 2009) ("Any expert testimony, however, regarding legal principles such as claim construction or indefiniteness is not relevant and is hereby excluded."). During claim construction, Velcro argued to the Court that the terms "controlling the degree of foam intrusion" and "surrounded by" are indefinite and that the asserted claims are therefore invalid. (Dkt. No. 33, at 11-14, 18-19). The Court rejected those arguments in its Claim

Construction Order, finding that those terms are not indefinite. (Dkt. No. 74, at 9-14, 20-23). The Court likewise denied Velcro's second summary judgment motion as to this issue, noting it had already decided the issue. (Dkt. No. 98). Yet, Velcro's purported expert, Dr. Haskell Beckham, included a section in his expert report again asserting that those terms are indefinite. Ex. A (Beckham Invalidity Report), ¶¶ 79-93. Dr. Beckham asserts the same indefiniteness claims that Velcro made during claim construction, and that the Court properly rejected as a matter of law. (Dkt. No. 74, at 9-14, 20-23).

In light of this Court's prior ruling finding the terms "controlling the degree of foam intrusion" and "surrounded by" are not indefinite, Defendants should be precluded from arguing or presenting evidence on that settled issue at trial. As an initial matter, arguments on indefiniteness—an issue already decided as a matter of law—would be highly prejudicial and a waste of time. Fed. R. Evid. 403. Moreover, any such argument would be in violation of the Court's Claim Construction Order. *See Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593, at *1 (E.D. Tex. Jan. 29, 2015); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. C 06-110-MWB, 2009 WL 88357, at *9 (N.D. Iowa Jan. 8, 2009) ("no party should be allowed to argue to the jury claim constructions that are contrary to the court's claim constructions or to reassert to the jury constructions that the court has already expressly or implicitly rejected.") (citing *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004)). Finally, Dr. Beckham's opinions that are inconsistent with the Claim Construction Order are not probative of a question of fact of consequence to this matter and are therefore inadmissible. Fed. R. Evid. 401. Therefore, Dr. Beckham and Defendants should be precluded from offering arguments or opinions regarding indefiniteness at trial.

2.     **Velcro Should Be Precluded From Introducing Arguments, Evidence, or Testimony Regarding Any of Its Own Patents or Patent Applications.**

Pursuant to Fed. R. Evid. 401, 402, and 403, the Court should preclude Velcro from introducing any evidence of its own patents or patent applications relating to the accused 4Gi and MH4 products, including U.S. Patent No. 9,034,452 ("the '452 patent"), U.S. Patent No. 9,138,032 ("the '032 patent"), and U.S. Patent No. 9,504,296 ("the '296 patent") (collectively, "the Velcro Patents"). This exclusion should likewise preclude Velcro from making any arguments or suggestions that it does not infringe YKK's patent because it has its own patents. Velcro's patents are not asserted in this matter and are wholly irrelevant to the infringement issues presented. Velcro's own purported technical expert, Dr. Beckham, clearly stated that ▉

▉

▉" Ex. B (Beckham Non-Infringement Report), ¶¶ 84, 91. The only purpose that Velcro's introduction of evidence regarding those patents could serve would be to suggest to the jury that Velcro's accused product cannot infringe YKK's patent-in-suit because it is covered by other patents issued to Velcro. Such an inference is highly prejudicial and, more to the point, is flat wrong as a matter of patent law and can only mislead the jury.

It is a bedrock principle of patent law that an accused infringer's own patent does not provide a defense to infringement and does not provide any affirmative right to make or use any products covered by the patent. *Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 43 (1929); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right to exclude others and confers no right on its holder to make, use, or sell.") (citation omitted) (emphasis original); *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 n.9 (Fed. Cir. 1986). This maxim holds true even if the infringer's

4

patent is directed to an allegedly distinguishing feature of the infringer's device.[1] *Atlas Powder Co. v. E.I. DuPont de Nemours & Co.*, 750 F.2d 1569, 1580 (Fed. Cir. 1984) ("[W]here defendant has appropriated the material features of a patent in suit, infringement will be found even when those features have been supplemented and modified to such an extent that the defendant may be entitled to a patent for the improvement.") (quotations omitted).

Moreover, there is no other issue as to which the Velcro Patents are relevant. All of the Velcro Patents were filed long after the U.S. Patent & Trademark Office ("USPTO") granted YKK's patent-in suit. The earliest of the Velcro Patents, the '452 patent, was filed eight years after the USPTO granted YKK's patent-in-suit, and issued more than two years after Velcro's infringement began. Thus, having issued well after Defendants' infringing activities began, Velcro's patents are not probative of whether Defendants had a good faith belief of noninfringement prior to this lawsuit. *See*, *e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-03577 DLJ, 2000 WL 34334583, at *5 (N.D. Cal. Mar. 31, 2000) (excluding separate patentability evidence because it was "of little probative value" where the accused infringer's patent issued after its infringing activity began) (citing *Rolls-Royce*, 800 F.2d at 1110 n.9); *see also In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (willfulness focuses primarily on pre-litigation conduct), abrogated on other grounds by *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).

It is therefore appropriate to exclude evidence of an infringer's patents at trial as irrelevant. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1324 (Fed. Cir. 2000) (affirming the district court's exclusion of defendant's patents concerning the infringing device); *Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1328-30 (N.D. Ala. Apr. 18, 2012)

---

[1] This rule exists because, although a patent confers an exclusionary right, it does not grant its owner the right to make, use or sell. *Bio-Technology*, 80 F.3d at 1559.

("... evidence that a defendant holds a patent covering all or a portion of the accused device is not relevant to a determination of whether the defendant directly infringed the plaintiff's patent."). And Courts routinely prohibit theories of non-infringement based on an accused infringer's own patents. *See*, *e.g.*, *Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1328-30 (N.D. Ala. Apr. 18, 2012) ("... [Defendant] will not be permitted to exceed the bounds of this court order by arguing that evidence of defendant's patents actually is relevant to Abbott's claims for infringement."); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) ("Defendants shall not argue that such patents are a defense to infringement."); *EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 WL 1610781, at *11 (D. Minn. Mar. 8, 2003). Accordingly, the Court should exclude any evidence of Velcro's patents offered at trial under Rules 401 and 402.

Even if evidence about Velcro's patents were arguably relevant to some issue at trial, the Court should nevertheless exclude such evidence under Rule 403 because its value would be "substantially outweighed by the danger of … confusion of the issues [and] misleading the jury." *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) (affirming district court's exclusion of infringer's patents and other patents under Rule 403 as being "prejudicial, confusing, and cumulative").

The only patent at issue in this case is YKK's patent asserted against Velcro. Allowing Velcro to add additional (and irrelevant) patents to the mix creates an unwarranted risk of confusing the issues of what claims and defenses are being asserted. *See*, *e.g.*, *Cameco Indus., Inc. v. La. Cane Mfg.*, No. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995) ("[A]dmission of [the defendant's] patent into evidence would shift the focus of the trial from the validity and infringement of [the plaintiff's] patent to the validity of [the defendant's] patent.");

*Hochstein v. Microsoft Corp*., No. 04-73071, 2009 WL 2022815, at *2-3 (E.D. Mich. July 7, 2009) (granting plaintiff's motion in limine to exclude defendant's mention of its own patents, as "[u]se of the term 'patent,' in this context is irrelevant, prejudicial, and will cause jury confusion.").

Any introduction of evidence by Velcro regarding its own patents would threaten to confuse the jury into excusing Defendants' infringement of the patent-in-suit on an illegitimate basis. The Court should prevent any attempt to capitalize on any misconception that a patent grants affirmative rights or that having one's own patent prevents one from infringing another's patent, and any arguments or suggestions that attempt to excuse Velcro's infringement on that basis. Moreover, allowing such evidence would waste time by requiring YKK or the Court to repeatedly explain that Velcro's own patents do not prevent or excuse infringement of YKK's patent-in-suit. Along the same lines, permitting admission of patents allegedly owned by Velcro would risk misleading the jury into mistakenly believing that such patents constitute a relevant evidentiary consideration. *See*, *e.g.*, *Gentex Corp. v. Donnelly Corp.*, No. 5:92-CV-84, 1993 WL 207625, at *3 (W.D. Mich. Mar. 22, 1993) ("The Court notes that the jurors will already be dealing with multiple legal theories and contingencies, and it finds that the jury may be confused if it hears evidence relating to [the defendant's] patent without understanding why the evidence is being presented."); *Cameco*, 1995 WL 468234, at *6 ("[T]his evidence is likely to give the jury the false impression that a patent on the accused machine means that it is substantially different from the machine claimed in plaintiff's patent."). Accordingly, any argument or evidence that Velcro obtained its own patents covering all or a portion of the accused 4Gi and MH4 products are irrelevant, likely to confuse and mislead the jury, a waste of time, and should be excluded.

**3.    Velcro Should Be Precluded From Offering Argument, Testimony, or Evidence Concerning the Meaning of Claim Terms**

Velcro should be precluded from offering or eliciting testimony concerning the meaning of claim terms. The meaning and scope of the asserted patent claims is a question of law for the Court to determine, and an inventor's post hoc testimony is irrelevant to that determination. *See Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1126 (Fed. Cir. 1996).

Inventor testimony cannot "change the invention and the claims from their meaning at the time the patent was drafted and granted." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000). Indeed, "it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is." *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) (internal quotes omitted). This is why the proper inquiry focuses on the claims in light of the intrinsic record at the time of the invention, and "no deference [is given] to the testimony of the inventor about the meaning of the claims." *Id.*

Thus, arguments, evidence, and testimony regarding the '059 Patent's inventors' understanding of the meaning and scope of claim terms are neither directed to a contested issue of fact nor relevant to an issue of law, and are therefore inadmissible. Fed. R. Evid. 401/402. Further, admission of such information would mislead the jury to incorrectly substitute inventors' on-the-fly interpretations of the asserted claims for the Court's construction. *See Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 2:13-CV-947-JRG-RSP, 2016 WL 3611559, at *1 (E.D. Tex. Feb. 4, 2016) (precluding parties from querying inventors about the meaning of claim terms).

During their depositions, Velcro repeatedly asked inventors Mr. Fujisawa and Mr. Murasaki about their understanding of the meaning of claim terms. *See*, *e.g.*, Ex. C (Fujisawa

Tr.), 199:2-201:16; Ex. D (Murasaki Tr.), 75:9-77:9 (understanding of "enclose" and "surround"), 126:5-132:7 (understanding of "staggered member" and "controlling the degree of foam intrusion"). This testimony, even putting aside the fact that it came from inventors whose first language is not English, would have been irrelevant if submitted during *Markman*. It is undoubtedly irrelevant now that the claim terms are already construed. Accordingly, Velcro should be precluded from offering such testimony.

Likewise, as to those terms for which no construction was sought, neither Velcro nor any of its witnesses should attempt to interject a construction for the term at trial. Pursuant to FRE 402, 403 and the law of the case relating to the Court's claim construction, Velcro should not be allowed to posit claim constructions which were not presented during the claim construction process, and which seek to contradict the Court's order and parties' stipulation that these terms shall have their plain and ordinary meaning. As such, Velcro should be precluded from questioning or otherwise inquiring of a witness as to the meaning of claim terms.

**4.    Velcro Should Be Precluded From Making Any Reference To Any Prior Briefings to or Rulings By The Court.**

YKK respectfully requests that Velcro be precluded from referring to any prior briefings to or rulings by this Court, including text from or the existence of rulings on any motions for summary judgment or any aspect of the claim construction briefing or order, except to the extent necessary to present the Court's ordered claim constructions themselves to the jury. This exclusion should likewise preclude Velcro from making any reference to any claims or arguments previously made in this case that have since been dropped or dismissed. Prior briefings and rulings on legal matters are irrelevant to the jury's fact finding process, and reference to such rulings creates potential for prejudice and jury confusion.

Rulings made by the Court on issues of law have no bearing on the issues of fact before

the jury. *See, e.g., Graves v. Plaza Med. Centers, Corp.*, No. 10-23382-CIV, 2017 WL 3895438, at *2 (S.D. Fla. Sept. 6, 2017) (excluding "evidence of prior court rulings dismissing claims or striking allegations at trial"); *Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 2:13-CV-947-JRG-RSP, 2016 WL 3611559, at *2 (E.D. Tex. Feb. 4, 2016) (excluding all evidence, argument, suggestion, or other comments referring to any aspect of the Court's current or prior claim construction orders in this and related cases (or other papers or orders bearing on the issue of claim construction)—except for the express claim constructions issued in this case."); *CDA of America Inc. v. Midland Life Ins. Co.*, No. 01-CV-837, 2006 WL 5349266, at *13 (S.D. Ohio Mar. 27, 2006) (excluding references to prior summary judgment opinion); *Mi-Jack Prods. v. Int'l Union of Operating Eng'rs*, No. 94 C 6676, 1995 WL 680214, at *2 (N.D. Ill. Nov. 14, 1995) (excluding references to prior summary judgment ruling and explaining that issues decided on summary judgment do not come before jury). Reference to the Court's rulings on legal issues, and especially the Court's ruling on Defendants' Motion for Partial Summary Judgment of Non-Infringement, are likely to be misinterpreted by the jury and given improper consideration in the jury's fact finding. *See* Fed. R. Evid. 402 and 403.

Similarly, Velcro should be precluded from offering any evidence or argument referring or relating to the fact that the Court granted partial summary judgment that Velcro's MH4 product does not infringe claims 12-19 of the '059 Patent.[2] Any evidence or argument regarding the claims dismissed or any other claims or arguments previously made by the parties in this case that have since been adjudicated, are not relevant to any issue before the jury in this case and will only cause unfair prejudice and jury confusion. Fed. R. Evid. 401, 402, 403. As a result, such evidence or argument should be excluded pursuant to Fed. R. Evid. 401, 402, and 403.

---

[2] YKK has moved for reconsideration of the Court's Order granting partial summary judgment of non-infringement. (Dkt. No. 131).

Accordingly, any reference to the Court's prior rulings, other than presenting the Court's ordered claim constructions, should be precluded under Federal Rules of Evidence 402 and 403.

**5.      Velcro Should Be Precluded From Offering Any Undisclosed Expert Opinions or Conclusions.**

YKK seeks to preclude all expert testimony not properly disclosed through Rule 26 disclosures or in depositions, and specifically, undisclosed opinions by Defendants' damages expert Mark Robinson or invalidity and non-infringement expert Haskell Beckham on secondary considerations of obviousness.

**A.      All Undisclosed Expert Testimony Should Be Excluded.**

Fed. R. Civ. P. 26(a)(2) requires that a party's designated expert submit a written report containing "a ***complete*** statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added); *see also Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713 (Fed. Cir. 2005) (finding that district court did not abuse its discretion in excluding expert testimony that exceeded material disclosed in the expert's report); *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (excluding expert testimony that relied on undisclosed testing).

Velcro served its experts' reports by May 1, 2017 according to the Court's schedule. (Dkt. No. 128, at 2). Pursuant to Fed. R. Civ. P. 37(c), Velcro's experts cannot testify to new opinion or to bases for their opinions that are not disclosed in their Rule 26(a) reports. There is no justification for Defendants' experts to present the jury with new opinions or new bases for

opinions not set forth in their reports. Under Rule 26, Velcro's experts were required to disclose "all opinions . . . and the basis and reasons for them." Permitting Velcro's experts to present previously undisclosed opinions or bases would significantly prejudice YKK, which has prepared for trial based on the disclosed opinions. Accordingly, Velcro's experts should be limited to the opinions and bases contained in their expert reports.

      **B.**      **Velcro's Experts Should Be Precluded from Offering Opinions or Evidence Concerning Secondary Considerations of Obviousness Not Presented in Velcro's Expert Reports.**

Neither of Velcro's purported experts, Haskell Beckham nor Mark Robinson, disclosed an opinion relating to objective indicia of non-obviousness (often referred to as "secondary considerations") such as failed attempts of others, long felt need, trying but failing, copying, unexpected results, or commercial success.

Velcro's experts could have but did not attempt to provide any analysis of any of these factors in a timely manner. Permitting Velcro's experts to do so now would greatly prejudice YKK, whose experts have not been given the opportunity to consider any such analysis. Accordingly, Velcro's experts should be held to their reports and precluded from offering opinions on objective indicia of nonobviousness not analyzed in their expert reports.

**6.**      **Velcro Should Be Precluded From Offering Any Evidence, Argument, or Testimony Comparing the Prior Art to the Accused Products.**

Velcro and its experts should be precluded from presenting evidence or argument that compares the prior art to the accused products for purposes of invalidity or non-infringement.

The question of validity is focused on the relationship between the prior art and the claims as construed by the Court—not a comparison between the prior art and the accused products. Any argument that Velcro's accused products are similar to or incorporate elements of alleged prior art is not relevant to validity. *Zenith Elecs. Corp. v. PDI Comm. Sys., Inc.*, 522 F.3d

1348, 1363 (Fed. Cir. 2008) (emphasis added); *see Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1322-23 (Fed. Cir. 2011) ("[T]he proper framework for challenging the validity of a patent is not for the accused to show that it is practicing the prior art, but to show that every element of the patent claims reads on a single prior art reference."). Likewise, whether Velcro's accused products practice or contain elements of the prior art is irrelevant to whether Velcro infringes YKK's asserted patent. Infringement analysis requires "compar[ing] the accused device to the claims as construed" by the court. *Wavetronix v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1354 (Fed. Cir. 2009). And "practicing prior art" is not a defense to infringement. *See In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008).

Velcro may plan to present improper arguments and opinions that its accused products are based on prior art designs. For example, Velcro corporate representative, Paul Voigt, testified in his deposition that ████████████████████████████████████████████ ████████████████████████████████████ Ex. E (Voigt 10/15/2015 Tr.) at 50:1-51:13 ██████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████.

Allowing Velcro to introduce this evidence will only serve to confuse the jury and further require YKK or the Court to explain that the proper analysis requires a comparison of the asserted claims to the prior art (for validity) and the accused products (for infringement). A comparison of the accused products to the prior art is not the proper analysis for either validity or infringement. Accordingly, any such evidence should be excluded.

**7.      Velcro Should Be Precluded from Offering Evidence or Arguments Regarding Opinions of Counsel.**

Pursuant to Fed. R. Evid. 403, Fed. R. Civ. P. 37(c)(1), and this Court's Addendum to

Rules 16/26 Discovery Orders in Patent Cases (Dkt. 18-1), the Court should preclude Velcro from introducing arguments, evidence, or testimony regarding (1) any effort to seek legal advice relating to the accused products and/or the '059 Patent, and (2) any communications with Velcro's legal counsel relating to the accused products and/or the '059 Patent, including any opinions of counsel, because Velcro has not disclosed the substance of any such advice (to the extent it exists) and has taken the position that it does not intend to rely on an opinion of counsel. In particular, Defendants should be precluded from presenting the foregoing in relation to the mental states required for indirect and willful infringement.

YKK alleges that Defendants are liable for induced and contributory infringement of the '059 Patent, and that such infringement was willful. (Dkt. No. 66, at 4-5). The Court's Addendum to Rules 16/26 Discovery Orders in Patent Cases ("the Addendum") required Defendants to produce the "substance of any advice of counsel tendered in defense to a charge of willful infringement," along with related information, "five days after a ruling on summary judgment indicating a triable issue of fact to which willfulness would be relevant." Since the denial and denial-in-part of Velcro's summary judgment motions, Velcro has never produced any discovery on advice of counsel.

YKK further served interrogatories specifically requesting "whether Velcro relies on any opinions of counsel and if so an identification of any such opinions." Ex. F (4/18/2016 Velcro Canada Response to Interrogatory No. 1), at 4-5. ███████████    ███████████
███████████████████████ *Id*. Velcro cannot be heard now to assert a defense based on any advice of counsel when Velcro specifically disclaimed any such defense during discovery.

In view of Velcro's failure to produce discovery on advice of counsel and affirmative position that it is not relying on an opinion of counsel as a defense to willful infringement,

Velcro should be precluded from offering any evidence regarding any pre-suit retention of counsel, reliance on in-house or outside legal counsel, or any advice from the same related to the patent-in-suit, including any advice pertaining to issues of infringement or validity.

## CONCLUSION

For all the reasons specified above, YKK respectfully requests that the Court grant the foregoing motions *in limine*.


October 16, 2017                              Respectfully submitted,

                                             /s/ *Steven D. Moore*
                                             Steven D. Moore, Georgia Bar No. 520745
                                             KILPATRICK TOWNSEND & STOCKTON LLP
                                             Eighth Floor
                                             Two Embarcadero Center
                                             San Francisco, CA 94111
                                             (415) 273-4741 (tel)
                                             (415) 651-8510 (fax)
                                             smoore@kilpatricktownsend.com

                                             Michael A. Bertelson, Georgia Bar No. 055695
                                             David A. Reed, Georgia Bar No. 185146
                                             KILPATRICK TOWNSEND & STOCKTON LLP
                                             1100 Peachtree Street, NE, Suite 2800
                                             Atlanta, GA 30309-4528
                                             (404) 815-6500 (tel.)
                                             (404) 815-6555 (fax)
                                             mbertelson@kilpatricktownsend.com
                                             dreed@kilpatricktownsend.com

                                             *Attorneys for Plaintiffs*
                                             *YKK Corporation and YKK (U.S.A.) Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 16, 2017, a true and correct copy of the foregoing **PLAINTIFF YKK'S MOTIONS IN LIMINE** was filed electronically in compliance with Middle District of Georgia Local Rule 5.0 and was served on all counsel of record who are registered participants in CM/ECF and, as such, have consented to electronic service.

/s/ *Steven D. Moore* _____
Steven D. Moore