IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YKK CORPORATION and<br>YKK (U.S.A.) INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VELCRO USA INC. and<br>VELCRO CANADA INC.,<br><br>　　　　Defendants. | Case No. 5:13-CV-306-LJA |

**PLAINTIFF YKK'S RESPONSE IN OPPOSITION TO
DEFENDANT VELCRO'S MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

1. Velcro's Motion in Limine 1:  Expert Evidence or Argument Beyond the Scope of Expert Reports or Discovery Disclosures ..................................... 1

2. Velcro's Motion in Limine 2:  Evidence or Argument Concerning Velcro's Extraterritorial Activities ................................................................... 3

3. Velcro's Motion in Limine 3:  Evidence or Argument Concerning Total Revenues or Profits ........................................................................... 3

4. Velcro's Motion in Limine 4:  Evidence or Argument Concerning Privilege Claims ..................................................................................... 4

5. Velcro's Motion in Limine 5:  Evidence or Argument Concerning Prior Retention of Experts ...................................................................... 4

6. Velcro's Motion in Limine 6:  Evidence or Argument Concerning Communications Subject to Fed. R. Evid. 408 .................................................. 5

7. Velcro's Motion in Limine 7:  Evidence or Argument Concerning Prior Court Rulings and Statements Made by the Court or Attorneys ................................................................................................. 5

8. Velcro's Motion in Limine 8:  Evidence or Argument Excluded as a Matter of Law ..................................................................................... 5

9. Velcro's Motion in Limine 9:  Evidence or Argument in Dr. Keith Ugone's Supplemental Report ......................................................................... 6

10. Velcro's Motion in Limine 10:  Evidence or Argument Regarding Injunctive Relief .................................................................................... 6

Plaintiffs YKK Corporation and YKK (U.S.A.) Inc. (collectively, "YKK") respectfully submit the following responses to Velcro USA Inc. and Velcro Canada Inc.'s (collectively, "Velcro") Motions *in Limine*.

**1.     Velcro's Motion in Limine 1:  Expert Evidence or Argument Beyond the Scope of Expert Reports or Discovery Disclosures**

Velcro's motion seeks to preclude YKK's experts from offering: (i) opinions not disclosed in their expert reports, and (ii) opinions based on evidence not disclosed during discovery.  YKK opposes this motion in part, as discussed below.

(i)     Opinions not disclosed in expert reports

YKK agrees that the parties' experts should be precluded from offering opinions not disclosed in their expert reports.[1]  YKK respectfully asks that if the Court grants this motion, it also grant YKK's Motion *In Limine* No. 5, which seeks to preclude Velcro from offering any undisclosed expert opinions or conclusions.  *See* Dkt. 163 at 11-12.

Contrary to Velcro's unfounded expectations, YKK does not intend to present expert testimony regarding literal infringement of claims 2-4 and 9 that was not disclosed in Dr. Pratt's expert reports.  Nor does YKK intend to offer expert testimony from any other expert witness beyond what was in the expert's reports.  To that extent, YKK agrees to Velcro's requested relief.

However, YKK opposes this motion to the extent it is vague and overbroad. Specifically, YKK does not understand what Velcro's motion seeks to exclude through its assertions in footnote 2 regarding Dr. Pratt's infringement analysis of claims 2-4 and 9.  In his report, Dr. Pratt opines that the accused products literally meet elements 2(a), 2(b), 2(d), and

---

[1] Of course, an "expert report" comprises not just the report itself but also any exhibits, appendices, or other supplemental documents that were served in connection with that report. Accordingly, any opinions disclosed in such supplemental documents are admissible.

1

2(e), and meet element 2(c) under the doctrine of equivalents. Ex. A (Pratt Report, Mar. 24, 2017) at ¶¶ 120-157. This means that the products infringe these claims under the doctrine of equivalents. Because claims 3, 4, and 9 include the same staggered members claim element as claim 2, Dr. Pratt properly incorporates his analysis from claim 2 in his analysis for claims 3, 4, and 9. *Id.* at ¶¶ 176-178, 203-205, 238-240. Velcro contends this analysis somehow constitutes an "omission," and seeks to exclude some unspecified opinion because "YKK has not sought to supplement or amend Dr. Pratt's report in view of this notification of the omission." Dkt. 161 at 2, note 2.

The lack of specificity as to what analysis Dr. Pratt would be prohibited from presenting makes responding difficult. But to the extent Velcro seeks to exclude any of Dr. Pratt's analysis of claims 2-4 and 9 disclosed in his expert report, Velcro's request should be denied. Velcro does not dispute the relevance of Dr. Pratt's analysis of claims 2-4 and 9 or that his analysis is fully included in his expert report. Thus, any *in limine* ruling should not be so broad as to include such analysis.

  (ii)  Opinions based on evidence not disclosed during discovery

Velcro seeks to exclude YKK's experts from presenting evidence or testimony referring to conversations with YKK employees Thanh Nguyen and Marty Timms because Mr. Nguyen and Mr. Timms were not disclosed in YKK's Initial Disclosures or responses to Velcro's Interrogatories. Dkt. 161 at 3. While YKK opposes this motion and asserts that this evidence and testimony is proper (among other reasons, because Velcro itself disclosed Mr. Nguyen as a witness and also had the opportunity to depose both witnesses), because YKK does not intend to present this testimony at the liability portion of the trial, this motion can be deferred until completion of the November trial. YKK notes, however, that Velcro asked to depose both Mr.

Nguyen and Mr. Timms during the course of discovery and that YKK agreed to make both witnesses available for deposition. *See* Ex. B (Nguyen Deposition Notice); Ex. C (Timms Deposition Notice). Velcro, however, then decided not to take those depositions, and thus its argument of unfair prejudice fails.

**2.     Velcro's Motion in Limine 2:  Evidence or Argument Concerning Velcro's Extraterritorial Activities**

Velcro's motion should be denied because it broadly seeks to exclude "any evidence at trial concerning Velcro's extraterritorial activities," without regard to the probative value of the specific evidence proffered by YKK. Dkt. 161 at 4. YKK's infringement case relies on statements in documents written by Velcro employees who live overseas and who describe to customers the similarities between the structures of the accused MH4 and 4Gi products. For example, YKK intends to introduce ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. D (at VELCRO0095105). The jury is entitled to the full picture of Velcro's admissions and statements regarding the accused products and their structure and how they function, which includes statements and admissions made by Velcro employees anywhere in the world.

While YKK will not argue that overseas activities such as offers for sale abroad themselves constitute acts of infringement (because infringement requires a nexus to the U.S.), the substance of those admissions and statements about the accused products and how they work is still highly relevant to whether Velcro's sales activities concerning the accused products in the United States infringe.

**3.     Velcro's Motion in Limine 3:  Evidence or Argument Concerning Total Revenues or Profits**

YKK believes this motion to be moot in view of the bifurcation. Nevertheless, YKK

3

does not intend to introduce evidence or argument concerning Velcro's total revenues or profits during the liability phase of the trial.

**4.     Velcro's Motion in Limine 4:  Evidence or Argument Concerning Privilege Claims**

Velcro's motion should be denied because it broadly seeks to preclude YKK "from offering evidence or argument referring to or based upon any claim of privilege made by Velcro during the pendency of this case," without regard to the circumstances in which such a privilege assertion was made.  Dkt. 161 at 5.  ██████████████████████████████

██████████████████████████████████████████████████████

████████████   ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████

██████ Ex. E (Lane Tr.), 85:14-21.  ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Ex. F (Cina Tr.), 144:12-145:5; Ex. G (Voigt Tr.), 277:6-278:2.  Those Velcro witnesses should not be permitted to proffer testimony as to the functionality of the wave wall when Velcro shielded it from discovery by asserting privilege.  And YKK should not be precluded from offering evidence regarding Velcro's privilege assertions to counter any such effort by Velcro or to contrast with the testimony of Velcro's technical expert at trial.  Velcro's motion in limine should be denied.

**5.     Velcro's Motion in Limine 5:  Evidence or Argument Concerning Prior Retention of Experts**

YKK does not oppose this motion to the extent it applies to both parties and their experts.  Further, YKK proposes that this relief also encompass a prohibition against evidence or argument concerning the identity of trial counsel, their law firms, and anyone else they

might represent.

**6.     Velcro's Motion in Limine 6:  Evidence or Argument Concerning Communications Subject to Fed. R. Evid. 408**

YKK does not oppose this motion as long as the Court's order on the issue is reciprocal. (i.e., neither side may refer to any settlement negotiations between the parties).

**7.     Velcro's Motion in Limine 7:  Evidence or Argument Concerning Prior Court Rulings and Statements Made by the Court or Attorneys**

The subject matter of this motion is similar to that of YKK's Motion *in Limine* No. 4. Velcro's motion differs, however, in that Velcro's motion would permit introduction of the entirety of the Court's Claim Construction Order beyond merely the constructions the Court adopted.  (*See* YKK's Motion *in Limine* No. 4).  After filing its motion, Velcro agreed that the parties may only reference the Court's ordered constructions, and may not introduce any other portion of the Court's Claim Construction Order at trial.  Thus, both parties agree that reference to the Court's statements in prior rulings are irrelevant and will only cause unfair prejudice and jury confusion.  Accordingly, the Court should preclude the parties from referencing any aspect of its rulings, including the Claim Construction Order, other than the ordered claim constructions themselves.

**8.     Velcro's Motion in Limine 8:  Evidence or Argument Excluded as a Matter of Law**

YKK does not dispute that both parties should be precluded from offering evidence or argument on issues that are excluded by the Court's summary judgment ruling at the liability portion of the trial. Here, however, Velcro's motion should be denied as moot, as YKK does not intend to argue infringement by doctrine of equivalents for the "continuous transverse wall" limitations of 12 or 13, or claims depending therefrom, to the jury.  YKK further opposes any effort by Velcro to enlarge the scope of the Court's partial summary judgment ruling, including its ruling on prosecution history estoppel.  Velcro's motion for partial summary judgment of

non-infringement only addressed MH4. Velcro did not move for summary judgment on 4Gi. The application of prosecution history estoppel applies on an element-by-element basis and further depends on the equivalent in question. To the extent that Velcro is moving to enlarge the scope of the Court's summary judgment ruling beyond what was ruled on, YKK opposes Velcro's motion and submits that a motion in limine is not the proper vehicle for such an effort. YKK further reserves its right to appeal the Court's decision.

9. **Velcro's Motion in Limine 9: Evidence or Argument in Dr. Keith Ugone's Supplemental Report**

YKK disagrees with Velcro's objections to Dr. Ugone's supplemental reports and the evidence cited therein. However, YKK believes this motion to be moot given agreements between the parties. In light of the agreed bifurcation of the remedies issues and deferment of the dispute regarding Dr. Ugone's supplemental reports, the parties have agreed that YKK will not offer during the liability phase of trials: (1) testimony from Dr. Ugone regarding the subject matter of Dr. Ugone's supplemental reports, and (2) four YKK documents referenced in Dr. Ugone's supplemental reports (YKK-0204437-443, YKK-0204416, YKK-0204417-420, and YKK-204421-436). The parties have further agreed that Velcro will not object to YKK's introduction of Velcro documents cited in Dr. Ugone's supplement reports, including VELCRO0109151 – VELCRO0109160 and VELCRO0109422 – VELCRO0109429. These documents are relevant to the issues of direct, indirect, and willful infringement.

Accordingly, the Court should deny this motion to the extent it precludes YKK from offering evidence contained within Dr. Ugone's supplemental reports that the parties have agreed not to exclude.

10. **Velcro's Motion in Limine 10: Evidence or Argument Regarding Injunctive Relief**

YKK opposes this motion in part. YKK does not oppose both parties being precluded

6

from referencing YKK's request for injunctive relief.  YKK has no intention of raising that issue before the jury as the Court will decide remedies for infringement at a later date.

YKK does oppose this motion to the extent it seeks to restrict YKK from offering evidence that supports its claim for injunctive relief, including without limitation, evidence of harm and infringing activities.  Much of the evidence relating to YKK's request for injunctive relief is also highly relevant to the issue of infringement and willfulness.  Accordingly, Velcro's Motion *in Limine* No. 10 should be denied to the extent it seeks to prevent the jury from hearing any evidence that is relevant to both infringement and injunctive relief.

October 30, 2017

Respectfully submitted,

/s/ *Steven D. Moore*
Steven D. Moore, Georgia Bar No. 520745
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor
Two Embarcadero Center
San Francisco, CA 94111
(415) 273-4741 (tel)
(415) 651-8510 (fax)
smoore@kilpatricktownsend.com

Michael A. Bertelson, Georgia Bar No. 055695
David A. Reed, Georgia Bar No. 185146
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4528
(404) 815-6500 (tel.)
(404) 815-6555 (fax)
mbertelson@kilpatricktownsend.com
dreed@kilpatricktownsend.com

*Attorneys for Plaintiffs*
*YKK Corporation and YKK (U.S.A.) Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2017, a true and correct copy of the foregoing **PLAINTIFF YKK'S RESPONSE IN OPPOSITION TO DEFENDANT VELCRO'S MOTIONS IN LIMINE** was filed electronically in compliance with Middle District of Georgia Local Rule 5.0 and was served on all counsel of record who are registered participants in CM/ECF and, as such, have consented to electronic service.

/s/ *Steven D. Moore*
Steven D. Moore